UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

STEVEN SANTIAGO,

                    Plaintiff,

    -against-

DENNIS BRODERICK Police Officer,
New York City, Police Department; SUNG
KIM, Prison Health Services, Inc. Rikers
Island; MATTHEW KWIATEK,
St. Barnabas Hospital Correctional Health
Services, Rikers Island; JOHN DOE # 1, NYC
Health and Hospital Corporation, Correctional
Health Services, Rikers Island, JOHN DOE #2,
NYC Department of Correction and
JOHN DOE #3, Transportation Division Rikers
Island et al,

                    Defendants.
------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**03 CV 853 (NGG)(LB)**

**BLOOM, United States Magistrate Judge:**

        The instant action was referred to the undersigned for all pretrial purposes. Despite clear warnings that I would recommend that his case should be dismissed if he failed to timely appear at a scheduled conference, sign releases for his medical records and otherwise comply with the Court's orders, plaintiff has repeatedly failed to do so. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

## BACKGROUND

        Plaintiff filed this *pro se* action under 42 U.S.C. § 1983 on February 19, 2003, and filed an amended complaint on February 2, 2004. Plaintiff states in his amended complaint that he was arrested on the tracks of the "M" subway line between the Seneca and Forest stations at

approximately 1:00 a.m. on February 6, 2000 and taken to a waiting ambulance. After plaintiff was fingerprinted, he was taken to East Elmhurst Hospital where the emergency room physician told plaintiff that his left wrist was fractured and scheduled plaintiff for surgery on February 18, 2000.

Plaintiff alleges that he informed the medical department at Rikers Island that he had an appointment with an outside hospital for surgery, but that defendants Dr. Matthew Kwiatek, Dr. Sung Kim and "John Doe" physician defendants were deliberately indifferent to plaintiff's medical needs in that, *inter alia,* they failed to recognize that plaintiff's wrist was fractured, ignored his requests for treatment despite the fact that he was in pain, and failed to make provisions for him to timely receive surgery and other appropriate care. Plaintiff claims that an x-ray performed at Upstate Medical University [Hospital] in September 2001 confirmed that his left wrist had been fractured. He alleges that defendants' unreasonable delay in diagnosing and treating him caused him to undergo additional surgeries. Plaintiff claims that a medical provider advised him that he will develop arthritis as a result of his injury being untreated for so long.

Defendants answered plaintiff's complaint, and on January 25, 2005 the Court issued an order scheduling an initial telephone conference for February 15, 2005. Defendants' counsel requested an adjournment of the conference, informing the Court that plaintiff was no longer incarcerated and providing the Court with plaintiff's address. The Court issued an order rescheduling the initial conference for 3:00 p.m. on February 18, 2005, and advised the parties that the conference would be held in person rather than by telephone because plaintiff was no longer in custody. Plaintiff was also reminded that it was his obligation to inform the Court of any change in his address, and was directed to immediately file his current contact information

with the Court. Plaintiff received the Court's order by Federal Express on February 17, 2005, but failed to timely appear as ordered.[1]

By order dated February 23, 2005, the Court warned plaintiff that his case may be dismissed if he failed to timely appear or to otherwise comply with the Court's orders in the future. Plaintiff was notified of the deadline for the completion of discovery and instructed to promptly sign and return the medical releases that defendants' counsel would provide to him. By letters dated July 15, 2005 defendants' attorneys informed the Court that plaintiff failed to sign and return the medical releases as ordered or to provide initial disclosures as required by Fed. R. Civ. P. 26 (a)(1)(A)-(D) despite their repeated requests that plaintiff comply with his discovery obligations.

On July 25, 2005 the Court issued an order scheduling a status conference for 10 a.m. on August 10, 2005. Plaintiff was warned that if he failed to timely appear, I would recommend that his case should be dismissed. Plaintiff was reminded that he had previously been warned of the possible consequence of failing to timely appear or otherwise comply with the Court's orders. A copy of the order was sent to the address that plaintiff provided to the Court in February 2005. Plaintiff failed to appear for the Court conference on August 10, 2005 and has not contacted the Court.

---

[1] Plaintiff spoke with my chambers at 2:30 p.m. on February 18, 2005 and confirmed receiving the Court's order setting the conference for 3:00 p.m., but he did not appear until 4:50 p.m., well after the conference had concluded. Plaintiff was then advised in person that he must timely appear at all conferences, or must request an adjournment in writing in advance of any scheduled court date.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "If a party or a party's attorney fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Under Rule 37(b)(2)(C), the Court may dismiss the complaint for a party's failure to comply with a Court order. See Fed. R. Civ. P. 37(b)(2)(C) ("... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (C) [a]n order ... dismissing the action or proceeding or any part thereof ....").

The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). Plaintiff was warned in person that he must timely appear at all conferences when he appeared at my chambers well after the February 17, 2005 conference had concluded. He was warned of the consequences of failing to timely appear or otherwise comply with the Court's orders by order dated February 23, 2005. The order issued on July 25, 2005 reiterated this warning. Still, plaintiff did not appear as ordered and he has not contacted the Court to explain his failure to do so. Accordingly, it is recommended that the instant action should be dismissed for plaintiff's failure to comply with the Court's orders.[2]

---

[2] Although the Court needs no other authority, in the alternative plaintiff's case may be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) or for failure to comply with discovery obligations under Fed. R. Civ. P. 37(b)(2)(C).

4

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED:

LOIS BLOOM
United States Magistrate Judge

Dated: August 12, 2005
Brooklyn, New York